No. 491          July 10, 2024          775

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JUDITH LYNN HEES,
*Defendant-Appellant.*

Lincoln County Circuit Court
19CR71240; A178696

Marcia L. Buckley, Judge.

Submitted May 31, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Joyce, Presiding Judge, Lagesen, Chief Judge, and Armstrong, Senior Judge.

JOYCE, P. J.

Affirmed.

**JOYCE, P. J.**

Defendant entered a conditional guilty plea to driving under the influence of intoxicants (DUII), ORS 813.010, and reckless driving, ORS 811.140, reserving her right to challenge on appeal the trial court's denial of her motion to suppress. In that motion, defendant argued that the officer who stopped her lacked probable cause of a traffic violation or reasonable suspicion of a crime. The trial court concluded that the officer had both: probable cause for failure to drive within lane, ORS 811.370, and reasonable suspicion of DUII. In her sole assignment of error, defendant challenges that ruling, raising the same arguments that she did below. We conclude that the officer had reasonable suspicion of DUII and, therefore, we do not reach the question whether there was probable cause of a traffic violation. Accordingly, we affirm.

Reasonable suspicion exists when an officer "reasonably suspect[s]—based on specific and articulable facts—that [a] person committed a specific crime or type of crime or was about to commit a specific crime or type of crime." *State v. Maciel-Figueroa*, 361 Or 163, 182, 389 P3d 1121 (2017). The officer's subjective suspicion must be "objectively reasonable in light of the totality of circumstances known to the officer." *State v. Bradley*, 329 Or App 736, 741, 542 P3d 56 (2023).

We review the trial court's ruling for legal error, but we are "bound by the trial court's factual findings if there is any constitutionally sufficient evidence to support them." *State v. Krieger*, 318 Or App 441, 442, 508 P3d 62 (2022). Here, the record supports the following findings of fact made by the trial court: (1) in the middle of the night, an officer observed defendant driving "at a speed less than the speed limit (20 mph in a 35 mph speed zone)," (2) defendant "was swerving in her lane of travel," and (3) defendant "nearly stop[ped] unnecessarily twice, including in an intersection." We conclude that those specific and articulable facts were sufficient to support an objectively reasonable suspicion that defendant was committing DUII. Therefore, the officer was justified in initiating a traffic stop to investigate that crime, and the trial court did not err in denying defendant's motion to suppress.

Affirmed.